**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MANUEL PENUELAS-PERAZA,** | ) | **Case Nos.** 1:05CV2719 |
| | ) | (1:03CR146) |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **JUDGE ANN ALDRICH** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | **MEMORANDUM AND ORDER** |

Before the court is *pro se* petitioner Manuel Penuelas-Peraza's ("Penuelas-Peraza") petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) For the following reasons, the court denies Penuelas-Peraza's petition. Further, the court certifies pursuant to 28 U.S.C. § 2253(c)(1)(B) that an appeal from this order would not be well-taken.

**I.    Background**

On October 7, 2003, a federal grand jury in the Northern District of Ohio returned an indictment charging Penuelas-Peraza and eighteen other individuals with conspiracy to possess with intent to distribute cocaine hydrochloride, cocaine base (crack), heroin, and marijuana in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846. Penuelas-Peraza was also charged with four counts of using a communication facility to facilitate a drug trafficking offense in violation of 21 U.S.C. § 843(b).

On August 23, 2004, pursuant to a written plea agreement with respondent United States of

America ("the Government"), Penuelas-Peraza pleaded guilty to the conspiracy charge. On November 16, 2004, this court sentenced him to 70 months imprisonment (with credit for time served), to be followed by five years of supervised release. In addition, Penuelas-Peraza was ordered to pay a $100 special assessment. Upon the Government's motion, this Court dismissed the four counts relating to use of the communication facility. Penuelas-Peraza did not appeal his conviction or sentence.

On November 21, 2005, Penuelas-Peraza filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The Government filed its response on January 18, 2006. (Doc. No. 6.)

**II.    Discussion**

Penuelas-Peraza's motion lists four grounds for relief: (1) that he was denied effective assistance of counsel when his counsel "failed to file motions and investigate defendants's role in the offense"; (2) that "[c]ounsel failed to object to Defendant receiving a two point enhancement for leadership role"; (3) that "[c]ounsel's actions in objecting to Defendant's leadership role caused Defendant to be denied Safety Valve"; and (4) that "[c]ounsel's actions violated Defendant's 4th, 5th, 6th, 8th and 14th Amendments." (Doc. No. 1.)

For each of these grounds, Penuelas-Peraza instructs the court to "See attached memorandum." However, no such memorandum was attached. Thus the entire basis of Penuelas-Peraza's argument lies in the quotations contained in the previous paragraph. The court can only assume this oversight was a motivating force behind Penuelas-Peraza's February 22, 2006 motion for leave to amend his § 2255 motion. (Doc. No. 7.) This court granted that motion on March 3,

2006 (Doc. No. 10). Penuelas-Peraza also requested additional time to reply to the Government's response (Doc. No. 8), which this court granted by marginal order on March 3, 2006 (Doc. No. 9). Subsequently, Penuelas-Peraza asked the court to clarify when precisely his amended motion and his reply would be due. (Doc. No. 11.) The court clarified that he would have until June 1, 2006 to file his amended petition, and until July 7, 2006 to reply to the Government's response.

Penuelas-Peraza never filed an amended petition, nor did he file a reply. On July 20, 2006, after the deadlines had passed, he filed a motion with the court to withdraw his motion for an extension of time and request that counsel be appointed. (Doc. No. 12.) The court denied his request for appointment of counsel on August 11, 2006. To date, Penuelas-Peraza has not filed anything further with the court.

According to the Rule 2(b)(1) and (2) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a motion for relief under 28 U.S.C. § 2255 must "specify all the grounds for relief available to the moving party" and "state the facts supporting each ground." Here, Penuelas-Peraza has indeed specified the grounds for relief, but has failed to state any facts to support those grounds. Although such a defect might have been cured by amendment, Penuelas-Peraza failed to amend when the court granted him leave to do so. Further, he failed to reply to the Government's response when the court granted him extra time to reply. Finally, upon his release from prison on October 5, 2007, he failed to update the Clerk with his new address as required by Local Civil Rule 83.5(i).

Left only with Penuelas-Peraza's bare conclusions, and finding that Penuelas-Peraza has made no effort to support these conclusions with facts, the court cannot reasonably address the merits of his motion. Accordingly, Penuelas-Peraza's motion must be denied.

**III. CONCLUSION**

For the above reasons, Penuelas-Peraza's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. (Doc. No. 1.) Further, because he has not made a substantial showing of the denial of any constitutional right, the court certifies pursuant to 28 U.S.C. § 2253(c), that an appeal from this order would not be well taken**.**

IT IS SO ORDERED.

                                        */s/ Ann Aldrich*
                                    ANN ALDRICH
                                    UNITED STATES DISTRICT JUDGE

Dated: January 11, 2008